**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **MAMMOTH ENERGY SERVICES, INC., COBRA ENERGY LLC, COBRA ACQUISITIONS LLC, AND HIGHER POWER ELECTRICAL, LLC**<br><br>*Petitioners*,<br><br>v.<br><br>**JOHN MENDEZ**<br><br>*Respondent*. | **CASE NO.:** _____<br><br><br>**PETITION TO VACATE OR MODIFY ARBITRATION AWARD** |

       Petitioners Mammoth Energy Services, Inc. ("Mammoth Energy Services"), Cobra Energy LLC ("Cobra Energy"), Cobra Acquisitions LLC ("Cobra Acquisitions"), and Higher Power Electrical, LLC ("Higher Power") (collectively "Petitioners"), by and through their attorneys, for their Petition to Vacate or Modify Arbitration Award, present this application to the Court, pursuant to 9 U.S.C. § 6 ("Any application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions…."), and move as follows:

**INTRODUCTION**

1.    The underlying arbitration is a Fair Labor Standards Act ("FLSA") action initiated by Respondent John Mendez ("Respondent") against Petitioners asserting overtime claims under the FSLA and Puerto Rico Law.

2.    Petitioners seeks an order from this Court under the Federal Arbitration Act ("FAA"), 9 U.S.C. §§10 & 11, vacating or modifying the arbitration award for attorneys' fees (the "Arbitration Award") dated June 10, 2024 rendered in the underlying arbitration before

Arbitrator Carla Cotropia, American Arbitration Association, Employment Arbitration Tribunal.

3. The Arbitration Award should be vacated or modified pursuant to sections 10 & 11 of the FAA because it was made in "manifest disregard" of applicable First Circuit law and contained evident material miscalculations.

## PARTIES

4. Petitioner Mammoth is a Delaware limited liability company with its principal place of business in Oklahoma.

5. Petitioner Cobra Energy is a Delaware limited liability company.

6. Petitioner Cobra Acquisitions is a Delaware limited liability company.

7. Petitioner Higher Power is Texas limited liability company.

8. Respondent John Mendez is an individual who resides in Texas. Respondent was employed by Petitioner Higher Power in Puerto Rico. He may be served through his attorneys of record in the underlying arbitration Andrew R. Frisch, Morgan & Morgan, P.A., 600 N. Pine Island Road, Ste. 400, Plantation, FL 33324 or Paul M. Botros, 8151 Peters Road, Plantation, FL 33324, through the Court's electronic-filing system (CM/ECF).

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this matter under 28 U.S.C. § 1331. Respondents' claims arise under the FLSA, 29 U.S.C. § 203 *et seq*. Respondents' claims also arise under Puerto Rico law over which the Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

10.    The Parties' arbitration agreement is governed by the FAA.  Pursuant to Sections 10 & 11
       of the FAA, "the United States court in and for the district wherein the award was made
       may make an order vacating the award" or "modifying or correcting the award upon the
       application of any party to the arbitration."  9 U.S.C. §§ 10 & 11.  Venue is proper because
       the Parties' arbitration agreement provided that the arbitration shall be conducted in this
       District, the Arbitration Award was made within this District and the events alleged in
       Respondent's original arbitration demand occurred in this District.

11.    Pursuant to 9 U.S.C. § 12, Petitioners have brought this action within three months after
       the Arbitration Award was delivered on June 10.

**FACTS**

12.    Attached hereto as Exhibit A is a true and correct copy of the arbitration agreement between
       the Parties.

13.    Attached hereto as Exhibit B is a true and correct copy of the Arbitration Award issued by
       Arbitrator Carla Cortropia.

14.    The Arbitration Award should be vacated under 9 U.S.C. § 10 because it was made in
       manifest disregard for the law.

15.    In the Arbitration Award, the arbitrator improperly awarded attorneys' fees despite the fact
       that Respondent's counsel did not keep contemporaneous time records as required by First
       Circuit law.  Without contemporaneous time records, it is impossible to achieve a result
       that is both "fair to the paying parties" and "decently reviewable" by the arbitrator.
       *Grendel's Den, Inc. v. Larkin*, 749 F.2d 945, 951 (1st Cir. 1984).  Under First Circuit law,
       the failure to provide contemporaneous time records warrants "disallowal, or at least a
       drastic reduction, of a fee award."  *Souza v. Southworth*, 554 F.2d 609, 612 (1st Cir. 1977).

16.    Instead of disallowal or a drastic reduction of the fee award, the arbitrator—after recognizing that Respondent's counsel submitted forbidden "duplications"—simply made a 20% "across-the-board reduction" in the fee award and refused to "assign what tasks are deleted or reduced" as required by First Circuit law.  *See* Ex. B at 6 (Arbitration Award).

17.    In further manifest disregard of the law, the arbitrator awarded fees based on Respondent's counsel's Miami-area rates instead of applying local Puerto Rico rates, defying the rule of the First Circuit that "the proper rate to be applied to the work of out-of-town counsel is that of the forum community, rather than that which the attorney charges in the community in which he or she practices."  *Vieques Conservation & Historical Tr., Inc. v. Martinez*, 313 F. Supp. 2d 40, 46 (D.P.R. 2004).

18.    In the Arbitration Award, the arbitrator awarded a rate for Andrew Frisch of $650 per hour, $500 per hour for Paul Botros, $350 per hour for Allison Rattet, and $175 per hour for paralegal Claire Tacher.  *See* Ex. B at 3 (Arbitration Award).  Yet average hourly rates for employment attorneys in Puerto Rico are $250 per hour or lower for partners and even lower for associates.  The awarded rates are also significantly higher than Respondent's counsel requested and received in other FLSA cases and significantly higher than Respondent's local Puerto Rico counsel has charged in other employment law actions in this District.

19.    Respondent failed to meet his burden to prove the only possible exception to this rule— that the case requires "specialized abilities" that cannot be found "among local lawyers," or when a specialist was required for the handling of the case and a smaller community does not have one available.  *Maceira v. Pagan*, 698 F.2d 38, 40 (1st Cir. 1983).  To the contrary, Puerto Rico law firms and reputable solo practitioners possess specialized skills

and knowledge regarding wage and hour and overtime claims, and they actively and frequently litigate such cases for plaintiffs in federal and state courts in Puerto Rico.

20.    In the alternative, the Arbitration Award should be modified under 9 U.S.C. § 11(a) to subtract duplicative hours purportedly worked in three sister arbitrations because "there was an evident material miscalculation of figures" by including them.

21.    To date, Respondent's counsel has filed a total of fifty separate arbitration demands against Petitioners—all virtually identical.  In each of those separate arbitrations, Respondent's counsel has performed redundant work for which Respondent should not be able to recover here.  As Petitioners presented in detail to Arbitrator Cotropia, this redundant work includes, inter alia: 1) time preparing 46 nearly identical Arbitration Demands (only changing claimant's names) filed on the same day; (2) time reviewing deposition testimony from seven different witnesses used in other arbitrations; (3) time preparing 32 nearly identical interrogatory and request-for-production responses; (4) time preparing 19 substantially similar motions for partial summary judgment; and (5) time preparing 19 substantially similar responses to motions for summary judgment.

22.    Additionally, Respondent's counsel has already been awarded attorneys' fees for 986.7 hours in the three sister arbitrations of Claimants Omar, Robertson, and Rosario, and many of the time entries for fees awarded in those arbitrations are identical—and duplicative—of the time Respondent sought (and the arbitrator awarded) here.  As Petitioners presented in detail to Arbitrator Cotropia, these identical time records include time entries for work related to Respondent's (1) arbitration demand; (2) discovery responses; (3) deposition of Mr. Layton; (4) case management; (5) review of deposition testimony; (6) motion for summary judgment; and (7) damages calculations.

23.    As Petitioner's demonstrated in detail to Arbitrator Cotropia, the total number of hours reasonably expended by Respondents' counsel, for both Respondent Mendez and Claimant Damian Milton in a related arbitration before Arbitrator Cotropia, that were not duplicated in the other arbitrations (and were not previously awarded in the sister arbitrations), is 126.9 hours—not the 434.7 hours sought by Respondent's counsel in the arbitration before Arbitrator Cotropia for both Respondent Mendez and Claimant Milton.  Therefore, this Court should use half of this figure (63.45 hours) in modifying the lodestar calculation in the Arbitration Award for Respondent Mendez.

### COUNT ONE: VACATUR OF ARBITRATION AWARD UNDER THE FAA

24.    Petitioners repeat and reallege paragraphs 1 through 23 hereof, as if fully set forth within.

25.    The Arbitration Award should be vacated under 9 U.S.C. § 10 because it was made in manifest disregard for the law.  The arbitrator refused to disallow or drastically reduce the fee award despite the fact that Respondent's counsel did not keep contemporaneous time records and submitted duplicative hours.  Furthermore, the arbitrator refused to apply the local rates of Puerto Rico and instead incorrectly applied the nearly triple rates of Respondent's counsel from the Miami-area, even though there are Puerto Rico attorneys capable and available to litigate FLSA lawsuits.

26.    By reason of the foregoing, the Court should issue an order vacating the Arbitration Award, attached hereto as Exhibit B, by Arbitrator Carla Cotropia, American Arbitration Association, Employment Arbitration Tribunal, dated June 10, 2024.

### COUNT TWO: MODIFICATION OF ARBITRATION AWARD UNDER THE FAA

27.    Petitioners repeat and reallege paragraphs 1 through 23 hereof, as if fully set forth within.

28.    If the Court does not vacate the Arbitration Award, the Arbitration Award should be modified under 9 U.S.C. § 11(a) to subtract duplicative hours purportedly worked in fifty separate arbitrations and awarded in the three sister arbitrations of Claimants Omar, Robertson, and Rosario.

29.    Respondent's counsel performed redundant work in fifty arbitrations against Petitioners for which Respondent should not be able to recover here.  Additionally, Respondent should not be able to recover attorneys' fees for duplicative work that Respondent's counsel has already been awarded in the three sister arbitrations.

30.    By reason of the foregoing, the Court should issue an order modifying the Arbitration Award, attached hereto as Exhibit B, by Arbitrator Carla Cotropia, American Arbitration Association, Employment Arbitration Tribunal, dated June 10, 2024, as follows: reduce the number of hours used in the lodestar calculation to 63.45 hours.

**PRAYER**

WHEREFORE, PETITIONERS respectfully move and request that this Court:

Issue an order pursuant to 9 U.S.C. § 10 vacating the Arbitration Award, attached hereto as Exhibit B, by Arbitrator Carla Cotropia, American Arbitration Association, Employment Arbitration Tribunal, dated June 10, 2024.

And, in the alternative, issue an order pursuant to 9 U.S.C. § 11(a) modifying the Arbitration Award, attached hereto as Exhibit B, by Arbitrator Carla Cotropia, American Arbitration Association, Employment Arbitration Tribunal, dated June 10, 2024, as follows: reduce the number of hours used in the lodestar calculation to 63.45 hours.

Award the Petitioners such other and further relief as this Court deems just and proper.

-8-

Dated: September 8, 2024

Respectfully submitted,


**PIETRANTONI MÉNDEZ & ALVAREZ LLC**

 */s/ José F. Benítez-Mier*
José F. Benítez-Mier
USDC-PR NO. 212507
Pietrantoni Méndez & Alvarez LLC z
Popular Center 19th Floor
208 Ponce de Léon Ave.
San Juan, P.R. 00918-1010
Telephone:  787-274-4938
Facsimile:  787-274-1470
E-Mail:  jbenitez@pmalaw.com


**BRACEWELL LLP**

 */s/ Brian G. Patterson*
Brian G. Patterson (*pro hac vice*)
BRACEWELL LLP
711 Louisiana Street, Ste. 2300
Houston, Texas 77002
Telephone: (713) 221-1209
Facsimile: (800) 404-3970
Email: brian.patterson@bracewell.com

*Attorneys for Petitioners*